# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MAXUS METROPOLITAN, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-cv-00095-FJG |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | ) ) ) ) |
| Defendant. | ) ) |

## ANSWER OF DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

COMES NOW Defendant Travelers Property Casualty Company of America ("Travelers"), and, in answer to Plaintiff's Petition, states as follows:

## THE PARTIES

1. Upon information and belief, Travelers admits the allegations in Paragraph 1.

2. Travelers admits that its principal place of business is in Connecticut. Travelers denies the remaining allegations contained in Paragraph 2 and demands strict proof thereof.

## JURISDICTION AND VENUE

3. The allegations in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Travelers denies the allegations contained in Paragraph 3 and demands strict proof thereof.

4. The allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Travelers denies the allegations stated in Paragraph 4 and demands strict proof thereof.

## FACTUAL BACKGROUND

5. Travelers admits that the Metropolitan is located at 2900 7th Avenue South, Birmingham, Alabama. Travelers denies the remaining allegations contained in Paragraph 5 and demands strict proof thereof.

6. Travelers admits that the Metropolitan is a four-story apartment community. Travelers denies the remaining allegations contained in Paragraph 6 and demands strict proof thereof.

7. Travelers admits that Bomasada Birmingham Metropolitan LLC and Maxus Metropolitan, LLC entered into a Real Estate Purchase and Sale Agreement dated August 31, 2018. The contract is a written document, the terms of which speak for themselves. Travelers denies the remaining allegations contained in Paragraph 7 and demands strict proof thereof.

8. Travelers admits that a fire occurred at the Metropolitan on or about September 27, 2018. Travelers denies the remaining allegations contained in Paragraph 8 and demands strict proof thereof.

9. Travelers admits that it issued Policy No. QT-660-7E077026-TIL-18 to Bomasada Birmingham Nationwide, LLC; Bomasada Birmingham Metropolitan, LLC; Bomasada BHM Construction, LLC; and Bomasada Group, Inc. for the policy period of March 31, 2018 to September 30, 2018. The policy is a written document, the terms of which speak for themselves. Travelers denies the remaining allegations contained in Paragraph 9 and demands strict proof thereof.

10. Denied as stated.

11. Travelers admits that Bomasada provided notice to Travelers of the fire loss. Travelers denies the remaining allegations contained in Paragraph 11 and demands strict proof thereof.

12. The allegations contained in Paragraph 12 refer to a written document, the terms of which speak for themselves. Travelers denies the allegations contained in Paragraph 12 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

13. The allegations contained in Paragraph 13 refer to a written document, the terms of which speak for themselves. Travelers denies the allegations contained in Paragraph 13 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

14. The allegations contained in Paragraph 14 refer to a written document, the terms of which speak for themselves. Travelers denies the allegations contained in Paragraph 14 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

15. The allegations contained in Paragraph 15 refer to a written document, the terms of which speak for themselves. Travelers denies the allegations contained in Paragraph 15 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

16. The allegations contained in Paragraph 16 refer to a written document, the terms of which speak for themselves. Travelers denies the allegations contained in Paragraph 16 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

17. The allegations contained in Paragraph 17 refer to a written document, the terms of which speak for themselves. Travelers denies the allegations contained in Paragraph 17 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

18. The allegations contained in Paragraph 18 refer to a written document, the terms of which speak for themselves. Travelers denies the allegations contained in Paragraph 18 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

19. Travelers admits that one of the buildings suffered damage to the extent that it was a total loss. Travelers denies the allegations contained in Paragraph 19 and demands strict proof thereof.

20. Travelers denies the allegations contained in Paragraph 20 and demands strict proof thereof.

21. Travelers denies the allegations contained in Paragraph 21 and demands strict proof thereof.

22. Travelers admits that it received a May 1, 2019 dated letter from Maxus Metropolitan, LLC. The May 1, 2019 letter is a written document, which speaks for itself. Travelers denies the remaining allegations contained in Paragraph 22 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

23. Travelers admits that it sent the June 6, 2019 correspondence attached to the Complaint as Exhibit B. The June 6, 2019 letter is a written document, which speaks for itself. Travelers denies the remaining allegations contained in Paragraph 23 as Plaintiff's attempt to

4

paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

24. Travelers admits that it received the June 7, 2019 correspondence attached to the Complaint as Exhibit C. The June 7, 2019 correspondence and attachments are written documents, which speak for themselves. Travelers denies the remaining allegations contained in Paragraph 24 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written documents, and demands strict proof thereof.

25. Travelers admits that it received the June 11, 2019 correspondence attached to the Complaint as Exhibit D. The June 11, 2019 correspondence is a written document, which speaks for itself. Travelers denies the remaining allegations contained in Paragraph 25 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

26. The June 11, 2019 correspondence is a written document, which speaks for itself. Travelers denies the allegations contained in Paragraph 26 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

27. The June 11, 2019 correspondence is a written document, which speaks for itself. Travelers denies the allegations contained in Paragraph 27 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

28. The allegations contained in Paragraph 28 refer to written documents that speak for themselves. Travelers denies the allegations contained in Paragraph 28 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

29. The correspondence attached to Plaintiff's Complaint as Exhibit E is a written document, which speaks for itself. Travelers denies the allegations contained in Paragraph 29 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

30. Travelers denies the allegations contained in Paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.

31. Travelers denies the allegations contained in Paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

32. Travelers denies the allegations contained in Paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

33. Travelers denies the allegations contained in Paragraph 33 and demands strict proof thereof.

## COUNT I
## BREACH OF CONTRACT

34. Travelers reasserts and incorporates by reference its previous responses as if fully set for herein.

35. The Travelers policy is a written document, the terms of which speak for themselves. Travelers denies the allegations contained in Paragraph 34 as Plaintiff's attempt to paraphrase, summarize, or characterize the content of the written document, and demands strict proof thereof.

36. The allegations contained in Paragraph 36 are legal conclusions. Travelers denies the allegations contained in Paragraph 36 as Plaintiff's attempt to paraphrase, summarize, or characterize the law, and demands strict proof thereof.

6

37. The allegations contained in Paragraph 37 are legal conclusions. Travelers denies the allegations contained in Paragraph 37 as Plaintiff's attempt to paraphrase, summarize, or characterize the law, and demands strict proof thereof.

38. Travelers denies the allegations contained in Paragraph 38 and demands strict proof thereof.

39. Travelers denies the allegations stated in Paragraph 39, including subparts (a) through (d), and demands strict proof thereof.

40. Travelers denies the allegations stated in Paragraph 40 and demands strict proof thereof.

## COUNT II
## VEXATIOUS REFUSAL TO PAY

41. Travelers reasserts and incorporates by reference its previous responses as if fully set for herein.

42. Travelers denies the allegations stated in Paragraph 42 and demands strict proof thereof.

43. Travelers denies the allegations stated in Paragraph 43, including subparts (a) through (d), and demands strict proof thereof.

44. Travelers denies the allegations stated in Paragraph 44 and demands strict proof thereof.

45. Travelers denies the allegations stated in Paragraph 45 and demands strict proof thereof.

## PRAYER FOR RELIEF

Travelers denies that Plaintiff is entitled to any of the relief requested in the unnumbered clause following Paragraph 45, including subparts (a) through (f), or any other relief, and respectfully requests that the Court dismiss the Petition with prejudice in its entirety.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Travelers in this matter. Travelers therefore asserts said defenses in order to preserve the right to assert them. Travelers reserves the right to amend this Answer. Further answering by way of defense and affirmative defense, Travelers states as follows:

## FIRST AFFIRMATIVE DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Petition, and each purported cause of action alleged therein, fails to state a claim against Travelers upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Travelers asserts that process was insufficient and improper.

## THIRD AFFIRMATIVE DEFENSE

Travelers asserts that service of process was improper and invalid.

## FOURTH AFFIRMATIVE DEFENSE

Travelers asserts that venue is improper.

## FIFTH AFFIRMATIVE DEFENSE

Travelers asserts lack of personal jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE

Travelers states that Plaintiff's Petition should be dismissed pursuant to Fed. R. Civ. P. 19 for failing to join necessary and indispensable parties, namely those insurance carriers that have issued policies to Plaintiff that afford coverage for Plaintiff's claimed damages

## SEVENTH AFFIRMATIVE DEFENSE

Travelers denies each and every material allegation of the Petition not expressly admitted, and demands strict proof thereof.

## EIGHTH AFFIRMATIVE DEFENSE

Travelers contests the existence of and amount of damages Plaintiff seeks, and demands strict proof thereof.

## NINTH AFFIRMATIVE DEFENSE

Travelers denies that it breached any contract with Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Travelers asserts that the requirements of the insuring agreement of the policy are not satisfied; the conditions precedent to coverage are not satisfied; and/or the claims are excluded under the policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Travelers asserts that Plaintiff is not entitled to policy benefits under the Travelers policy at issue.

## TWELFTH AFFIRMATIVE DEFENSE

There is no causal connection between the allegations against Travelers and the injuries and damages alleged in Plaintiff's Petition.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the damages it alleges in the Petition as it breached a duty to mitigate any damages suffered.

## FOURTEENTH AFFIRMATIVE DEFENSE

Travelers pleads the affirmative defenses of waiver and estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

All actions taken by Travelers with regard to this dispute were taken in good faith based on the claims made and the factual information provided to, and independently obtained by, Travelers during a good faith investigation of the claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's own fault, negligence, or intentional conduct caused or contributed to Plaintiff's claimed damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages were caused by Plaintiff, or by pre-existing conditions, or by the acts of individuals, entities, forces, and/or things which were beyond Travelers' control.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Property damage and economic losses claimed by Plaintiff and not already compensated under other insurance policies were, in whole or part, not proximately caused by any insurable event and are not recoverable.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the failure of consideration.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the doctrine of unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Travelers strictly denies Plaintiff's claims for compensatory and/or punitive damages, and demands strict proof thereof.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Travelers pleads the affirmative defense of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Travelers pleads the defense of setoff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Travelers pleads the defense of satisfaction of damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Travelers pleads the defense of payment.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

None of the facts relating to any action, determination, or conduct of Travelers involved in this dispute give rise to, or support, any claim or cause of action for contractual or extra-contractual liability in tort for bad faith, under statute, or otherwise.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

All determinations made by Travelers regarding this dispute were made in good faith based on the legitimate reading and application of the terms, provisions, exclusions, and obligations as defined in the applicable insurance policy.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Travelers affirmatively pleads and alleges that the Plaintiff's claims were handled according to the terms and conditions of the Travelers insurance policy and in accordance with applicable law, and that Plaintiff is entitled to no further benefits or coverage under the Travelers policy for the loss at issue.

### THIRTIETH AFFIRMATIVE DEFENSE

Travelers denies that it acted with either malice or gross negligence in disregard of Plaintiff's rights.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Travelers affirmatively asserts that it had reasonable basis, factual and legal justification for its coverage decision regarding Plaintiff's claim.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Travelers asserts that the tort of bad faith in any iteration or form, is an unconstitutional cause of action created by the judiciary in violation of the limitations on and divisions of power between the judiciary and the legislature as set forth in the Constitution of the United States of America, and applicable law.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Travelers asserts that should Plaintiff be entitled to any award of damages, which is denied, any such award is limited under Mo. Rev. Stat. §§ 375.420 and 375.296.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Any punitive damages award is impermissible under the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States of America.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Any award of exemplary or punitive damages would violate its due process rights and the constitutional safeguards under the Constitution of the United States of America, and the following constitutional provisions, jointly and severally:

a) The Fifth Amendment to the Constitution of the United States of America;

b) The Sixth Amendment to the Constitution of the United States of America;

c) The Eighth Amendment to the Constitution of the United States of America;

d) The Tenth Amendment to the Constitution of the United States of America; and

e) The Fourteenth Amendment to the Constitution of the United States of America.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Petition, and each count thereof, to the extent that it seeks exemplary or punitive damages, violates Travelers' right to procedural due process under the Fourteenth Amendment to the Constitution of the United States of America and therefore fails to state a cause of action under which either exemplary or punitive damages can be awarded.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a claim upon which exemplary or punitive damages can be awarded.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Any award of exemplary or punitive damages to Plaintiff in this case will violate the constitutional safeguards provided to defendants under the Constitution of the United States of America.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Any demand for exemplary or punitive damages violates the Fifth Amendment to the Constitution of the United States of America which prohibits deprivation of life, liberty, and property except by due process of law in that the claim for exemplary or punitive damages is vague and not rationally related to any legitimate governmental interest.

### FORTIETH AFFIRMATIVE DEFENSE

Any award of exemplary or punitive damages to Plaintiff in this case will violate the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that exemplary or punitive damages are vague and not rationally related to any legitimate governmental interest.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Any award of exemplary or punitive damages to Plaintiff in this case will violate the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States of America in that exemplary or punitive damages are penal in nature and consequently Travelers is entitled to the same procedural safeguards accorded to criminal defendants.

### FORTY-SECOND AFFIRMATIVE DEFENSE

It violates the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against defendants exemplary or punitive damages, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

## FORTY-THIRD AFFIRMATIVE DEFENSE

It violates the rights guaranteed by the Constitution of the United States of America to impose exemplary or punitive damages against defendants that are penal in nature by requiring a burden of proof on the plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Any award of exemplary or punitive damages to Plaintiff in this case will violate the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Any demand for exemplary or punitive damages will violate the Due Process Clause of the Fifth Amendment to the Constitution of the United States of America in that the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum civil or criminal fine for the same or similar conduct.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Travelers reserves the right to assert such additional defenses as they are ascertained through discovery.

Respectfully submitted,

/s/ Dale L. Beckerman
Dale L. Beckerman, MO Bar #26937
DEACY & DEACY, LLP
920 Main Street, Suite 1000
Kansas City, Missouri 64105
Telephone: (816) 421-4000
Facsimile: (816) 421-7880
dlb@deacylaw.com
Attorney for Defendant Travelers Property Casualty Company of America

Brenen G. Ely (*pro hac vice* to be filed)
ELY & ISENBERG, LLC
2100-B SouthBridge Pkwy., Suite 380
Birmingham, Alabama 35209
Telephone: (205) 313-1200
Facsimile: (205) 313-1201
bely@elylawllc.com
Attorney for Defendant Travelers Property Casualty Company of America

## **CERTIFICATE OF SERVICE**

I do hereby certify that on February __, 2020, I electronically submitted the foregoing with the Clerk of the Court for the United State District Court for the Western District of Missouri using the CM/ECF system, which will send a Notice of Electronic Filing to the following counsel of record:

Michael J. Abrams
Kimberly K. Winter
Noah H. Nash
Lathrop GPM, LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Facsimile: (816) 216-2001
mabrams@lathropgage.com
kwinter@lathropgage.com
nnash@lathropgage.com

/s/ Dale L. Beckerman
Dale L. Beckerman, Attorney for
Defendant Travelers Property Casualty
Company of America