# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| MAXUS METROPOLITAN, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:20-cv-00095-FJG ) |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

## JOINT PROPOSED SCHEDULING AND TRIAL ORDER

In accordance with the Court's Order dated February 11, 2020 and pursuant to Fed. R. Civ. P. 26(f), a preliminary discovery and case management conference was held on March 6, 2020 and attended by Michael Abrams of Lathrop GPM LLP for Plaintiff, Maxus Metropolitan, LLC ("Maxus"), and Brenen Ely of Ely & Isenberg, LLC for Defendant, Travelers Property Casualty Company of America ("Travelers").

**1.   Motion to Amend Pleadings**

Any motion for leave to amend the pleadings shall be filed by **April 14, 2020**.

**2.   Motion to Join Additional Parties**

Any motion for leave to join additional parties shall be filed by **April 14, 2020**.

**3.   Settlement/ADR**

This case has been selected to participate in early mediation pursuant to the MAP Program scheduled for **June 4, 2020**.

**4.   Discovery Plan**

**(a)   Fed. R. Civ. P. 26(a)(1) Disclosures**

The parties agree to exchange Federal Rule of Civil Procedure 26(a) disclosures by **March 20, 2020**.

**(b) ESI**

The parties do not anticipate an unusually voluminous production of electronically stored information (ESI) in this case, nor do they currently foresee any specific concerns or issues relating to ESI. Any ESI produced in discovery will be in .PDF format where possible. If conversion of files to .PDF format cannot be reasonably achieved, the ESIs will be produced in the format in which it is maintained by the party in the ordinary course of business. The parties agree that no party waives the right to request production of ESI in native format and to object to any such request. The parties will maintain relevant ESI.

Attachments to emails produced in .PDF form shall be included as a separate document, but shall be numbered sequentially following the e-mail to which they are attached.

**(c) Completion of Discovery**

All fact discovery shall be commenced or served in time to be completed by **September 24, 2020**.

All expert discovery shall be commenced or served in time to be completed by **February 15, 2021**.

**(d) Whether Discovery Should be Conducted in Phases or Limited to Particular Issues**

See Section 4(c).

**(e) Inadvertent Production of Privileged Documents or Information**

(i) The parties agree that inadvertent production of documents or information (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of immunity or privilege as to that document or any other document, provided that the producing party notifies the receiving party in writing within fourteen (14) days of discovery of the inadvertent production. If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the producing party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other databases. If the receiving party elects to file a motion pursuant to Section iii below, the receiving party, subject to the requirements of Section ii below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the Section iii motion. If the receiving party's Section iii motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this Section.

(ii) No use shall be made of such Inadvertently Produced Documents, including during depositions, at trial, or other proceedings, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them, in the absence of an order by the Court permitting the use of such Inadvertently Produced Documents.

(iii) The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert as a ground therefor the fact or circumstances of the inadvertent production.

**(f)   Experts**

Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by Maxus by **October 6, 2020** and by Travelers by **November 6, 2020**. Disclosures and reports by any rebuttal experts shall be served by **December 6, 2020**. All expert discovery must be commenced or served in time to be completed by **February 15, 2021**.

**(g)   Interrogatories**

The parties agree that each side is limited to thirty (30) interrogatories, including all discrete subparts.

**(h)   Depositions**

The presumptive limit of ten (10) depositions per side, unless otherwise agreed by the parties, will apply. Each deposition shall be limited to 8 hours.

**(i) Physical or Mental Examinations**

The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 are not necessary or appropriate in this case.

**(j) Changes or Limitations on Discovery**

No additional changes or limitations with regard to discovery are necessary at this time. The parties reserve the right to request leave of the Court to conduct additional discovery at a later time.

**5. Motions**

**(a)** The Parties propose that all discovery motions be filed on or before the date for completion of discovery.

**(b)** The parties propose that all dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before **March 15, 2021**, which is on or within 30 days after the date for completion of discovery. The parties further propose that all response and reply deadlines be governed by Local Rule 7.0.

**c.** The parties propose that all motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) or similar case law, shall be filed no later than **28 days before trial**.

**6. Protective Order**

The parties intend to submit a proposed protective order for the Court's consideration.

**(a)** Statement Regarding Other Orders

At this time, the parties request that the Court enter a Scheduling Order so that the parties can effectively administer the prosecution and defense of this lawsuit.

### 7. Jury Demand/Trial/Referral of the Case to Magistrate Judge

The parties do not consent to the referral of this lawsuit to a United States magistrate judge.

The parties request a jury to adjudicate all claims set forth in this lawsuit and estimate that no more than **five (5) days** will be necessary to try this action.

### 8. Other Matters Relevant to the Status and Disposition of this Case

There are no other matters currently relevant to the status and disposition of this case.

Dated: March 12, 2020                    Respectfully submitted,

                                         LATHROP GPM LLP

                                         /s/ *Michael J. Abrams*
                                         Michael J. Abrams, MO Bar #42196
                                         Kimberly K. Winter, MO Bar #45029
                                         Noah H. Nash, MO Bar #72048
                                         2345 Grand Boulevard, Suite 2200
                                         Kansas City, Missouri 64108-2618
                                         Telephone:    816.292.2000
                                         Telecopier:   816.292.2001
                                         michael.abrams@lathropgpm.com
                                         kim.winter@lathropgpm.com
                                         noah.nash@lathropgpm.com

                                         Attorneys for Plaintiff
                                         Maxus Metropolitan, LLC


                                         DEACY & DEACY, LLP

                                         /s/ *Brenen G. Ely*
                                         Dale L. Beckerman, MO Bar #26937
                                         920 Main Street, Suite 1000
                                         Kansas City, Missouri 64105
                                         Telephone:    816.421.4000
                                         Facsimile:    816.421.7880
                                         dlb@deacylaw.com

                                         Brenen G. Ely
                                         Kenneth W. Boyles
                                         ELY & ISENBERG, LLC
                                         2100-B SouthBridge Pkwy., Suite 380
                                         Birmingham, Alabama 35209
                                         Telephone:    205.313.1200
                                         Facsimile:    205.313.1201
                                         bely@elylawllc.com
                                         kboyles@elylawllc.com

                                         Attorneys for Defendant
                                         Travelers Property Casualty Company of
                                         America