# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| **MAXUS METROPOLITAN, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No: 20-cv-00095-FJG** |
| | ) | |
| **TRAVELERS PROPERTY CASUALTY** | ) | |
| **COMPANY OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPLY SUGGESTIONS IN SUPPORT OF
## TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
## MOTION TO EXCLUDE EXPERT TESTIMONY OF CHUCK HOWARTH

Defendant Travelers Property Casualty Company of America ("Travelers") submits the following Reply Suggestions in Support of its Motion to Exclude Expert Testimony of Chuck Howarth ("Howarth"):

## I. INTRODUCTION

Plaintiff bears the burden of establishing that Howarth's opinions are reliable and admissible. FED. R. EVID. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). When confronted with the deficiencies in the admissibility of Howarth's testimony, Plaintiff declined to "expend the time and resources associated with substantively opposing Travelers' motion." [Doc. 91, p. 1, ¶ 1]. In lieu of Mr. Howarth's testimony, Plaintiff asserts that it "has other evidence, including expert . . . witnesses who will be able to provide any necessary testimony of Maxus' reasonable expenses and Travelers' claim handling." [Doc. 91, pp. 1-2]. However, Plaintiff has not previously and cannot now identify expert witnesses to testify regarding Plaintiff's reasonable expenses and Travelers' claims handling.

## II.    ARGUMENT

Travelers has shown that Howarth's testimony is due to be excluded, and Plaintiff has elected not to oppose Travelers' motion. However, Plaintiff is incorrect in asserting that it may offer other expert testimony regarding its reasonable expenses and Travelers' claim handling.

### A.    Howarth's testimony is due to be excluded.

As set forth in Travelers' Suggestions Supporting its Motion to Exclude Expert Testimony of Chuck Howarth, Howarth's testimony is due to be excluded under Federal Rule of Evidence 702. Howarth is not qualified to offer expert testimony regarding causation. [*See* Doc. 74, pp. 8–9]. His opinions are not based on sufficient facts or reliable methodology. [*See* Doc. 74, pp. 10–12, 17–18]. Finally, his so-called "opinions" regarding contract construction and Travelers' claim investigation constitute nothing more than inadmissible legal opinions. [*See* Doc. 74, pp. 13–17]. Therefore, Federal Rule of Evidence 702 prohibits Howarth from presenting his proposed expert testimony.[1]

### B.    Any designation of another expert to testify regarding Plaintiff's expenses or Travelers' claims handling would be untimely.

Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires an expert witness's report to contain "a complete statement of **all opinions** the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i) (emphasis added). Parties must disclose their expert witnesses and produce expert witness reports at the time ordered by the Court. FED. R. CIV. P. 26(a)(2)(D). This Court's Amended Scheduling Order required Plaintiff to disclose and submit its expert reports by October 6, 2020. [Doc. 44, p. 4].

---

[1] In addition, Howarth's opinions must be excluded due to Plaintiff's failure to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and this Court's Amended Scheduling Order. [*See* Doc. 74, p. 18-21].

This Court requires all expert reports contain "detailed statements" that "set forth the substance of a direct examination." [Doc. 44, p. 5]. A party cannot introduce new opinions of an expert witness that were not disclosed in an expert report unless the failure to disclose those opinions was substantially justified or harmless. FED. R. CIV. P. 37(c)(1); *See, e.g., Trost v. Trek Bicycle Corp.,* 162 F.3d 1004, 1008-09 (8th Cir. 1998) (affirming district court's decision to exclude the opinion of plaintiff's expert witness where his affidavit and report were produced late). Allowing expert testimony regarding opinions disclosed after an opposing party's deadline to file a motion for summary judgment results in prejudice to the opposing party. *See Looney v. Zimmer, Inc.*, No. 03-0647-CV-W-FJG, 2004 WL 1918720 *4 (Aug. 19, 2004). Further, unless otherwise ordered, this Court will only permit an expert's testimony that conforms to their report. [Doc. 44, p. 5].

Aside from Howarth, none of Plaintiff's other experts disclosed reports offering opinions regarding Plaintiff's reasonable expenses or Travelers' claims handling. If any of the experts Plaintiff has already identified have the qualifications and knowledge to provide expert testimony on either of those topics, Plaintiff has offered absolutely no justification or explanation as to why such opinions were not included in their initial reports. Travelers would suffer prejudice by allowing such opinions to be added to expert's proposed testimony after Travelers' deadlines to challenge a proposed expert and file its motion for summary judgment have passed. [*See* Doc. 44, pp. 4, 5]. Accordingly, Plaintiff's failure to timely disclose any additional expert opinions was not substantially justified and offering them now would result in prejudice to Travelers. Therefore, both the Federal Rules of Civil Procedure and this Court's Amended Scheduling Order prohibit Plaintiff from submitting previously undisclosed testimony regarding Plaintiff's reasonable expenses and Travelers' claims handling.

## III. CONCLUSION

Howarth's testimony is due to be excluded because it does not meet the requirements for expert testimony as set forth by Federal Rule of Evidence 702, Federal Rule of Civil Procedure 26(a)(2), and this Court's Amended Scheduling Order. Plaintiff asserts that it can submit another expert's testimony regarding the topics upon which Howarth intended to opine. However, such assertion is incorrect. Both this Court's Amended Scheduling Order and the Federal Rules of Civil Procedure prohibit an expert from providing testimony regarding opinions not included in the expert's report. Accordingly, Howarth's testimony is due to be excluded, and Plaintiff cannot present expert testimony from another expert on these topics, or any other topic, that was not included in that expert's report.

Respectfully submitted,

s/Brenen G. Ely
Brenen G. Ely (*pro hac vice*)
Kenneth W. Boyles, Jr. (*pro hac vice*)
ELY & ISENBERG, LLC
3500 Blue Lake Drive, Suite 345
Birmingham, Alabama 35243
Telephone: (205) 313-1200
Facsimile: (205) 313-1201
bely@elylawllc.com
kboyles@elylawllc.com

Dale L. Beckerman, MO Bar #26937
Daniel E. Hamann, MO Bar #28164
DEACY & DEACY, LLP
920 Main Street, Suite 1000
Kansas City, Missouri 64105
Telephone: (816) 421-4000
Facsimile: (816) 421-7880
dlb@deacylaw.com
deh@deacylaw.com

*Attorneys for Defendant Travelers Property Casualty Company of America*

4

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that on July 12, 2021, I electronically submitted the foregoing with the

Clerk of the Court for the United State District Court for the Western District of Missouri using

the CM/ECF system, which will send a Notice of Electronic Filing to the following counsel of

record:

Michael J. Abrams
Kimberly K. Winter
Brian W. Fields
Noah H. Nash
Lathrop GPM, LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Facsimile: (816) 216-2001
michael.abrams@lathropgpm.com
kim.winter@lathropgage.com
brian.fields@lathropgpm.com
noah.nash@lathropgpm.com

s/Brenen G. Ely
OF COUNSEL