IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MAXUS METROPOLITAN, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 20-cv-00095-FJG |
| | ) |
| TRAVELERS PROPERTY CASUALTY | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**REPLY SUGGESTIONS IN SUPPORT OF TRAVELERS
PROPERTY CASUALTY COMPANY OF AMERICA'S
MOTION TO DISQUALIFY EXPERT TESTIMONY OF ADAM FARNHAM**

Defendant Travelers Property Casualty Company of America ("Travelers") submits the following Reply Suggestions in Support of its Motion to Disqualify Expert Testimony of Adam Farnham ("Farnham"):

**I.  ARGUMENT.**

Travelers and Plaintiff have both cited *Koch Refining Co. v. Jennifer L. Boudreau M/V*, 85 F. 3d 1178 (5th Cir. 1996) as providing the test for expert qualification due to a conflict of interest. According to *Koch*, the moving party must establish (1) the movant's objectively reasonable basis for concluding a confidential relationship exists and (2) the movant's disclosure of confidential information. *Koch*, 85 F. 3d at 1181.

Farnham's employer, Envista Forensics ("Envista"), has an ongoing confidential business relationship providing consulting and expert witness services to Travelers. Due to this relationship, Travelers had an objectively reasonable basis to believe it had a confidential relationship with Envista and shared confidential information with Envista. Therefore, this Court should disqualify Farnham from serving as a witness in this lawsuit due to his conflict of interest.

### A. Confidential Relationship.

Plaintiff inaccurately contends that Travelers cannot establish it has an objectively reasonable belief that it established a confidential relationship with Envista sufficient to disqualify one of Envista's employees, Farnham. Plaintiff emphasizes that Travelers' basis for belief must be "objectively reasonable." [Doc. 90, p. 2, ¶ 2]. Courts recognize that the "objectively reasonable" standard for establishing a belief in a confidential relationship is "not a high hurdle for the moving party to clear." *See Novartis AG v. Apotex Inc.*, No. 09-5614, 2011 WL 691594 at *2 (D.N.J. Jan. 24, 2011) (citing *AstraZeneca Pharm., LP v. Teva Pharm. USA, Inc.*, 05-5333, 2007 WL 4292384 *2 (D.N.J. 2007)) (internal quotations omitted).

Courts have held that a party can establish a confidential relationship with a firm (such as Envista), which satisfies the first prong of the disqualification test. For instance, in *U.S. ex re. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, the court found that a confidential relationship existed between a party to the litigation and their accounting firm. 994 F. Supp. 244, 250 (D.N.J. 1997). There, the moving party had an objectively reasonable belief it had established a confidential relationship because its accounting firm had contractual and legal obligations to maintain confidence. *U.S. ex rel. Cherry Hill Convalescent Ctr.*, 994 F. Supp. at 249. Further, the court held that such a confidential relationship existed even though the party never alleged that they had requested any assistance related to the litigation from the accounting firm. *Id.* at 250.

As set forth in Travelers' Suggestions Supporting Disqualification of Adam Farnham, Travelers has a professional relationship with Farnham's employer, Envista, that implicates duties and expectations of confidentiality. That confidential relationship continues to exist, even if Travelers has not specifically requested Envista's assistance regarding the subject matter of this

litigation. Thus, Travelers has sufficiently demonstrated a confidential relationship with Envista sufficient to support this Court's disqualification of Farnham.

**B.     Disclosure of Confidential Information.**

Plaintiff mischaracterizes "Travelers' patterns of operations, decision-making process, and the like as it pertains to fire claim investigation and litigation" as "general information." [Doc. 90, p. 6, ¶ 3]. Such information includes the decision-making processes regarding strategies, roles of witnesses to be hired, and anticipated defenses as related to litigation involving fire claims, such as the case at hand. Such information falls within *Koch*'s description of "confidential information." 85 F. 3d 1178, 1182 (5th Cir. 1996). Because such information was disclosed to Envista, Travelers has shared confidential information with Farnham's employer. Not only has Envista received such information, Farnham himself acknowledges that he has previously worked on Travelers' matters. [Doc. 90-1, p. 2, ¶ 5]. Therefore, Travelers has disclosed confidential information.

**II.    CONCLUSION.**

Based on the foregoing, Defendant, Travelers, has met its burden to satisfy the requirements for disqualification of an expert due to a conflict of interest. Travelers has shown that it had an objectively reasonable belief that it had a confidential relationship with Farnham's employer, Envista. During that course of that relationship, Travelers disclosed confidential information regarding fire claim litigation to Envista. Moreover, Farnham himself has previously worked on Travelers' matters. Therefore, Travelers respectfully requests that this Honorable Court grant Travelers' Motion to Disqualify Adam Farnham.

                                                                   Respectfully submitted,

                                                                   s/Brenen G. Ely
                                                                   Brenen G. Ely (*pro hac vice*)
                                                                   Kenneth W. Boyles, Jr. (*pro hac vice)*
                                                                   ELY & ISENBERG, LLC

3500 Blue Lake Drive, Suite 345
Birmingham, Alabama 35243
Telephone: (205) 313-1200
Facsimile:  (205) 313-1201
bely@elylawllc.com
kboyles@elylawllc.com

Dale L. Beckerman, MO Bar #26937
Daniel E. Hamann, MO Bar #28164
DEACY & DEACY, LLP
920 Main Street, Suite 1000
Kansas City, Missouri 64105
Telephone: (816) 421-4000
Facsimile: (816) 421-7880
dlb@deacylaw.com
deh@deacylaw.com

*Attorneys for Defendant Travelers Property Casualty Company of America*

## CERTIFICATE OF SERVICE

I do hereby certify that on July 12, 2021, I electronically submitted the foregoing with the Clerk of the Court for the United State District Court for the Western District of Missouri using the CM/ECF system, which will send a Notice of Electronic Filing to the following counsel of record:

Michael J. Abrams
Kimberly K. Winter
Brian W. Fields
Noah H. Nash
Lathrop GPM, LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Facsimile: (816) 216-2001
michael.abrams@lathropgpm.com
kim.winter@lathropgage.com
brian.fields@lathropgpm.com
noah.nash@lathropgpm.com

        s/Brenen G. Ely
        OF COUNSEL

**CERTIFICATE OF SERVICE**

       I do hereby certify that on _____, 2021, I electronically submitted the foregoing with the Clerk of the Court for the United State District Court for the Western District of Missouri using the CM/ECF system, which will send a Notice of Electronic Filing to the following counsel of record:

Michael J. Abrams
Kimberly K. Winter
Brian W. Fields
Noah H. Nash
Lathrop GPM, LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Facsimile: (816) 216-2001
michael.abrams@lathropgpm.com
kim.winter@lathropgpm.com
brian.fields@lathropgpm.com
noah.nash@lathropgpm.com

                                            OF COUNSEL

6

Case 4:20-cv-00095-FJG   Document 102   Filed 07/12/21   Page 6 of 6