# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MAXUS METROPOLITAN, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 20-cv-0095-FJG ) |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

**MAXUS METROPOLITAN, LLC SUGGESTIONS IN OPPOSITION TO TRAVELERS' MOTION TO QUASH AND MOTION FOR A PROTECTIVE ORDER**

Plaintiff Maxus Metropolitan, LLC, opposes Travelers Motion to Quash and Motion for a Protective Order. In support thereof, Plaintiff states as follows:

### I. Travelers Has Not Met Its Burden to Show a Protective Order Should Be Granted.

As a threshold issue, Travelers fails to meet its burden to prove a Protective Order should be entered in this case. Although summarized in one of Travelers' footnotes, Fed. R. Civ. P. 26(c) requires a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Nowhere in Travelers Motion does it argue that annoyance, embarrassment, oppression, undue burden or expense would result from the trial deposition of Denise Weidler, nor can it. Further Rule 26(c) only allows a Protective Order to be filed by "[a] party or any person *from whom discovery is sought.*" *Id.* Plaintiff is not seeking discovery from Travelers and is instead attempting to preserve the testimony of a nonparty witness who cannot be compelled to appear at the trial in this matter, as further explained below.

50047959v1

## II. Denise Weidler's Deposition Should Be Allowed Because This Court Cannot Compel her Testimony at Trial.

As detailed below, Ms. Weidler's deposition should be allowed to proceed for three reasons: (1) the noticed deposition is not for discovery purposes, but because the witness cannot be compelled to testify at trial, (2) neither the Eighth Circuit, nor this Court have adopted a "miscarriage of justice" or "good cause" requirement for trial depositions, and (3) Travelers has not demonstrated prejudice.

Maxus is not attempting to re-open discovery or to discover new facts from unknown witnesses. Instead, Plaintiff has noticed the trial deposition of one witness, not for discovery purposes but to use her testimony at trial. Federal Rule of Civil Procedure 45(b)(2) limits the subpoena of witnesses to a 100-mile range of the courthouse. Denise Weidler lives in and/or works in Massachusetts. Accordingly, she is outside the court's subpoena power and thus cannot be compelled by the court to appear at trial. *Id; State Auto Prop. & Cas. Ins. Co. v. Nigro Family P'ship, L.P.,* 2008 Dist. LEXIS 87552, *6 (E.D. Mo. 2008) (noting a nonparty witness who works or resides more than 100 miles from the courthouse is outside a court's subpoena power). Because Ms. Weidler is outside the subpoena power of the Court, her deposition should be allowed to proceed to preserve her testimony for use at trial. Fed. R. Civ. P. 32(a); *see Weitz Co., LLC v. MH Washington, LLC,* 2008 U.S. Dist. LEXIS 123223, *84-85 (W.D. Mo. 2008) (The deposition of a witness may be used by any party for any purpose if the witness is at a greater distance than 100 miles from the place of trial or hearing); *Synergetics, Inc. v. Hurst,* 2007 U.S. Dist. LEXIS 61286, *32 (E.D. Mo. 2007) (explaining the deposition of witness, who resides more than 100 miles from trial, should be admitted because FRCP 32(a)(3)(B) constitutes an exception to hearsay rule independent of FRE 804.); *Smith v. United States*, No. 3:95cv445, 2012 U.S. Dist. LEXIS 58623 (S.D. Ohio Apr. 26, 2012) ("it is axiomatic that a witness is unavailable and that, therefore his

deposition may be used during a trial, when he resides beyond the 100 mile limit on the subpoena power of the Court.").

Travelers argues that Plaintiff is required to prove either good cause or a miscarriage of justice before taking a deposition after the discovery deadline has closed. However, neither this Court nor the Eighth Circuit have prohibited trial depositions in similar circumstances or adopted Travelers' limited position. The Fifth Circuit's decision in *Charles v. F.W. Wade,* 665 F.2d 661, 664 (5th Cir. 1982), *cert. denied*, 460 U.S. 1036 (1983), is particularly instructive on this issue. There, the Fifth Circuit reversed a trial court's denial of a motion to take a trial deposition. The appellate court explained that, in a practical sense, discovery depositions and trial depositions were sometimes taken for different purposes—even though the Federal Rules made no such distinction. The court reasoned that:

> [a]lthough the discovery period had indeed closed at the time appellant made his motion, the requested deposition would not have been taken for purposes of discovery but as the testimony of a witness unavailable for trial. Appellant's motion underscored this distinction by informing the court that the deposition would "not be taken for discovery purposes, but in lieu of [the deponent's] live testimony at trial." The distinction is a valid one. Appellant was not seeking to discover the deponent's testimony—appellant knew what [the deponent] had to say—but was seeking a means for introducing [the deponent's] testimony at trial.

*Id*. Other federal courts have also allowed trial depositions as a means to introduce a witness's testimony when they cannot be compelled to attend trial – the exact same circumstance at issue here. *See Estenfelder v. Gates Corp.,* 199 F.R.D. 351, 355 (D. Colo. 2001) (holding that the Defendant was "seeking the four depositions for the purpose of preserving the testimony of the witnesses for admission at trial, and not for purposes of discovery. Because these are trial, or preservation, depositions, I am not persuaded that the restrictions of the scheduling order, including the expiration of the discovery deadline, should apply to them. Plaintiff has not shown that he will be prejudiced by an Order which allows the four depositions."); *see also e.g. In re Genetically Modified Rice Litig.,* No. 4:06MD1811 CDP, 2010 WL 816161, at \*1 (E.D. Mo.

3

Mar. 3, 2010) (allowing "video trial deposition" of "Dr. Kalaitzandonakes [who] is not willing to testify at the future bellwether trials"); *Spangler v. Sears, Roebuck and Co.,* 138 F.R.D. 122, 123 (S.D. Ind. 1991) (holding that even though discovery has closed "a party may still prepare for trial by taking the depositions of witnesses whose unavailability for trial is anticipated").

Further, Travelers does not – and cannot – argue it would be prejudiced, surprised, or harmed by the taking of Ms. Weidler's trial deposition or that the deposition would be irrelevant, unduly burdensome, or duplicative. *See generally Niekamp v. State of Missouri*, No. 20-CV-04075-WJE, 2022 WL 4543207, at *2 (W.D. Mo. Sept. 28, 2022). Because Plaintiff is simply trying to preserve testimony from a known witnesses that cannot be compelled by the court to appear at trial, these circumstances justify the noticed deposition being allowed to proceed.[1]

### III. Denise Weidler Is Not Providing Expert Testimony.

Denise Weidler is not testifying to expert opinions in this case nor will she be called as an expert witnesses by Plaintiff. Instead, Ms. Weidler will testify as a non-expert witness to the content of her own report for which she has first-hand personal knowledge, a fact that Travelers' Motion ignores. Accordingly, Fed. R. Civ. P. 702 is inapplicable. Nonetheless, Travelers argues that because Ms. Weidler works in the scientific field, as an analytical microscopist, her testimony is "necessarily" governed by Rule 702. *See* Doc. 140 (Travelers Motion) ¶ 12. However, Travelers' position would result in a prohibitively restrictive reading of Rule 701, which instead provides:

---

[1] Travelers also attempts to argue that Ms. Weidler or other laboratory technicians were not properly disclosed. This argument is disingenuous, as Travelers itself subpoenaed MicroVision during discovery to obtain a copy of Ms. Weidler's report (see Doc. 35.1) and then attached the report to both its summary judgment and *Daubert* motions. *See* Docs. 78.12 and 84.39. Further, Travelers' own Rule 26 Initial Disclosures include "any person(s) identified during the course of discovery, including individuals listed in documents produced by Plaintiff or by third parties pursuant to Rule 45 discovery requests."

4

> If a witness is not testifying as an expert, testimony *in the form of an opinion* is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701 (emphasis added). Travelers' interpretation of this Rule would, in effect, prevent anyone who may have a particular or specialized background from providing testimony of their first-hand personal knowledge, experiences, and observations. This is not and cannot be the standard. Instead, this Court has held that "[d]etermining whether a witness is offering an expert or lay opinion requires a case-by-case analysis of both the witness and the witness's opinion." *Niekamp v. State of Missouri*, No. 20-CV-04075-WJE, 2022 WL 4543207, at *2 (W.D. Mo. Sept. 28, 2022). Travelers fails to address the actual testimony Ms. Weidler would provide, which encompasses factual information such as the receipt of relevant samples, the analysis and testing of those samples, and the results of those tests. Thus, there is no credible argument that such testimony is exclusively within the realm of an expert.

Further, courts in this Circuit and across the country have routinely held that an individual with specialized, scientific, or technical backgrounds or experience can provide lay testimony. *See United States v. Mast,* 999 F.3d 1107, 1112 (8th Cir. 2021) (biological technician allowed to testify as a lay witness about her process of mapping FWS wetland easements); *United States v. Smith*, 591 F.3d 974, 983 (8th Cir. 2010) (child psychologist allowed to testify as a lay witness because her lay opinion was "based on her personal knowledge and perception of B.R. and her experience performing forensic interviews of allegedly abused children."); *Henrob Ltd. v. Bollhoff Systemtechnick GmbH & Co.*, No. 05-CV-73214-DT, 2008 WL 5383584, at *6 (E.D. Mich.

Dec. 23, 2008) (lab technician allowed to testify as a lay witness because his testimony was limited to the "facts perceived when performing tests during the process of this litigation" and the "opinions [that] provide context to the tests performs, [his] reasons for performing the tests the way he did and the reasons why he believes these test are preferable to the tests performed by Defendants' expert"); *Derrick v. Standard Nutrition Co.,* 829 F. App'x 857 (10th Cir. 2020) (veterinarian allowed to testify as a lay witness "about his observations from the day he actually saw the horses, but he may not provide testimony beyond what he perceived or did…[And] [i]f he testifies at trial, Dr. Box may ... read the results of the lab reports [the Derricks] received as a result of the samples he took in December 2016."); *Chemtall, Inc. v. United States*, 878 F.3d 1012 (Fed. Cir. 2017) (lab technician allowed to testify as a lay witness to the report he created, despite the testimony weighing on the ultimate issue and despite that the report was technical and scientific); *see also The Baker Grp., L.C. v. Burlington N. Santa Fe Ry. Co.,* No. 98- 1087-CV-WFJG, 2003 WL 25774303, at *10 (W.D. Mo. May 2, 2003) (noting that even if Plaintiff's CEO was not an expert, he would still be able to testify to "issues and/or areas about which he has personal knowledge which are related to his position").

To overcome their lack of case law, Travelers misconstrues one line from Plaintiff's *Daubert* response as an admission that Denise Weidler (i.e. a lab technician) is an expert. To be clear, the statement "[a]n expert is permitted to rely on the results of another expert's investigations" is in direct response to Travelers' argument that Mr. Irmiter, *an expert witness*, relies on the analysis of Neil Carlson, *another expert witness*. *See* Doc. 78, pp. 23-28. This out-of-context statement has no bearing on the question at hand and certainly does not satisfy Travelers' burden to show the deposition should be quashed or a Protective Order entered.

6

For the reasons discussed above, the trial deposition of known witness Denise Weidler, who cannot be compelled by this Court to appear at trial, should be allowed to proceed.

Dated: December 8, 2022

Respectfully submitted,

LATHROP GPM LLP

/s/ *Michael J. Abrams*
Michael J. Abrams, MO Bar #42196
Kimberly K. Winter, MO Bar #45029
Brian W. Fields, MO Bar #45704
Noah H. Nash, MO Bar #72048
Alana M. McMullin MO Bar #71072
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
816.292.2000 / 816.292.2001 (Fax)
michael.abrams@lathropgpm.com
kim.winter@lathropgpm.com
brian.fields@lathropgpm.com
noah.nash@lathropgpm.com
alana.mcmullin@lathropgpm.com

Attorneys for Plaintiff
Maxus Metropolitan, LLC