IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MAXUS METROPOLITAN, LLC,            )
                                    )
            Plaintiff,              )
                                    )   Case No. 20-00095-CV-W-FJG
       v.                           )
                                    )
TRAVELERS PROPERTY CAUALTY          )
COMPANY OF AMERICA,                 )
                                    )
            Defendant.              )

## JURY INSTRUCTIONS – REFUSED

## INSTRUCTION NO. _____

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustain as a direct result of the fire not to exceed [ENTER REMAINING POLICY LIMIT ON BUILDING]. If you find that plaintiff failed to mitigate damages as submitted in [Defendant's Instruction Number 3], in determining plaintiff's total damages you must not include those damages that would not have occurred without such failure by plaintiff to mitigate its damages.

Defendant's Proposed Instruction No. 6

MAI 4.01 (modified)

## AMENDED PROPOSED INSTRUCTION REGARDING
## DIRECT PHYSICAL LOSS OF OR DAMAGE TO COVERED PROPERTY

The insurance policy at issue in this case states that Travelers "will pay for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss." The term "Covered Cause of Loss" is defined as risks of direct physical loss that are not excluded.

The words "direct physical loss of or damage to property" require that there must be some physicality to the loss or damage of property, which include a physical alteration, physical contamination, or physical destruction. Property that has suffered physical loss or physical damage requires restoration, such as repair, rebuilding or replacement. Physical contamination must have a physical effect on the property in order for you to make a finding of direct physical loss of or damage to property. A substance that can be eliminated by routine cleaning procedures does not have a physical effect on property. The presence of a substance that poses a danger to human health but does not have a physical effect on the property itself requiring its repair, rebuilding or replacement does not constitute direct physical loss of or damage to property. Mere loss of use of property does not constitute direct physical loss of or damage to property.

Authority: Policy at pp. TRAVELERS DOC MGMT 22-23 of 99; *Olmsted Med. Ctr. v. Cont'l Cas. Co.*, 65 F.4th 1005, 1009-10 (8th Cir. 2023); *Planet Sub Holdings, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 36 F.4th 772, 775-76 (8th Cir. 2022); *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1144 (8th Cir. 2021).

**PROPOSED INSTRUCTION REGARDING LOSS DURING THE POLICY PERIOD**

The insurance policy at issue in this case provides that Travelers will cover loss or damage occurring during the policy period, which began on March 31, 2018 and ended when the policy expired on September 30, 2018. The policy was not renewed. The fire at issue in this case occurred on September 27, 2018. Accordingly, under the policy the Plaintiff must prove by a preponderance of the evidence that the damage it claims occurred during the three-day period between September 27 and September 30, 2018. Travelers is not responsible for any direct physical loss of or damage to property that occurred after September 30, 2018.

Authority: Policy at pp. TRAVELERS DOC MGMT 2, 37 of 99; Order on Travelers' Motion for Summary Judgment (ECF Doc. 126), at p. 2 ("The policy expired on September 30, 2018 and was not renewed."); *Transcontinental Ins. Co. v. W.G. Samuels Co.*, 370 F.3d 755, 760 (8th Cir. 2004) (no coverage where "the property damage allegedly suffered … occurred outside the policy period").

## PROPOSED INSTRUCTION REGARDING
## BUSINESS INCOME AND RENTAL VALUE COVERAGES

The insurance policy at issue in this case provides coverage for the actual loss of "business income" or "rental value" the Plaintiff sustains due to the partial or complete cessation of its business activities. For this coverage to apply, the cessation or delay must be caused by or result from direct physical loss of or damage to Covered Property by a Covered Cause of Loss, which means a risk of direct physical loss that is not excluded. The Plaintiff has the burden of proving these requirements by a preponderance of the evidence.

If you find that this coverage applies to Phases 1 through 4 or a portion thereof, the time period for this coverage would begin only after a 30-day waiting period after the fire expired, and would end on the date when any covered damage should have been repaired, rebuilt or replaced with reasonable speed and similar quality. If you find that any covered damage to Phases 1-4 should have been repaired, rebuilt or replaced within the 30-day waiting period, you should find in favor of the Defendant on this portion of the Plaintiff's claim. The expiration date of the policy does not cut shorten this time period if you find that all of the requirements for the coverage apply.

Authority: Policy at pp. TRAVELERS DOC MGMT 41, 44 of 99; *Torgerson Props., Inc. v. Cont'l Cas. Co.*, 38 F.4th 4, 6 (8th Cir. 2022) (finding no coverage where alleged "contamination did not cause [the insured's] business interruption" and cause was not direct physical loss).

4

## Plaintiff's Proposed Instruction No. 7

**OBJECTION**

Travelers objects to Plaintiff's Proposed Instruction No. 7 because its phrasing shifts the burden to Defendant to prove an exclusion without first requiring the plaintiff to satisfy its burden to prove that coverage exists. *See In re Arch Ins. C. Ski Pass Insurance Litigation*, 559 F.Supp.3d 882, 889 (W.D. Mo. 2021); *Safeco Ins. Co. of America v. Schweitzer*, 372 F.Supp.3d 884, 889 (W.D. Mo. 2019). Travelers objects to Plaintiff's Proposed Instruction No. 7 because it misstates the law by not requiring a jury to first find that any loss was cause by a covered cause of loss under the policy. Further, Plaintiff's Proposed Instruction No. 7 fails to include several of the policy's provisions for coverage such as causation by a covered cause of loss, damage, and fulfillment of all policy conditions. Finally, Travelers objects to Plaintiff's Proposed Instruction No. 7 as ambiguous and confusing because it contains two separate but consecutive clauses that begin with "unless you believe."

**PROPOSED ALTERNATIVE**

## INSTRUCTION NO. _____

Your verdict must be for Plaintiff on its claim for direct physical loss or damage to the Metropolitan caused by the fire for which Plaintiff has not been fully compensated, excluding any direct physical loss caused by combustion byproducts only if you believe:

First, the Metropolitan suffered a direct physical loss or damage; and

Second, the direct physical loss or damage was caused by the September 27, 2018 fire; and

Third, none of the conditions of the policy were breached; and

Fourth, the damage was not precluded under a policy exclusion; and

Fifth, Defendant did not compensate Plaintiff or another insured as required by the terms, limitations, and conditions of insurance policy; and

Sixth, Plaintiff was thereby damaged in an amount greater than it was already compensated.

Unless you believe that plaintiff is not entitled to recover by reason of Instruction No. _____ [Defendant's Proposed Instruction No. 5 – intentional misrepresentation or concealment]

## Plaintiff's Proposed Instruction No. 10

**OBJECTION**

Travelers objects to Plaintiff's Proposed Instruction No. 10 because it fails to include that the physical loss or damage must have been caused by a covered cause of loss as required by the policy.

**PROPOSED ALTERNATIVE**

## INSTRUCTION NO. \_\_\_\_\_

Instructions \_\_\_\_\_ through \_\_\_\_\_ and general instructions \_\_\_\_\_ through \_\_\_\_\_ apply to Plaintiff's claim for direct physical loss or damage to the Metropolitan in the form of combustion byproducts caused by the September 27, 2018 fire. Use Verdict Form B to return your verdict on this claim.

MAI 2.05 (modified).

## PROPOSED INSTRUCTION REGARDING
## BUSINESS INCOME AND RENTAL VALUE COVERAGES

The insurance policy at issue in this case provides coverage for the actual loss of "business income" or "rental value" the Plaintiff sustains due to the partial or complete cessation of its business activities. For this coverage to apply, the cessation or delay must be caused by or result from direct physical loss of or damage to Covered Property by a Covered Cause of Loss, which means a risk of direct physical loss that is not excluded. The Plaintiff has the burden of proving these requirements by a preponderance of the evidence.

If you find that this coverage applies to Phases 1 through 4 or a portion thereof, the time period for this coverage would begin only after a 30-day waiting period after the fire expired, and would end on the date when any covered damage should have been repaired, rebuilt or replaced with reasonable speed and similar quality. If you find that any covered damage to Phases 1-4 should have been repaired, rebuilt or replaced within the 30-day waiting period, you should find in favor of the Defendant on this portion of the Plaintiff's claim. The expiration date of the policy does not cut shorten this time period if you find that all of the requirements for the coverage apply.

Authority: Policy at pp. TRAVELERS DOC MGMT 41, 44 of 99; *Torgerson Props., Inc. v. Cont'l Cas. Co.*, 38 F.4th 4, 6 (8th Cir. 2022) (finding no coverage where alleged "contamination did not cause [the insured's] business interruption" and cause was not direct physical loss).

## INSTRUCTION NO. _____

Your verdict must be for Defendant with respect to any and all physical loss or damage you believe was caused by or resulted from faulty or inadequate or defective:

(1) Design or specifications or workmanship or repair or renovation or grading or compaction; or

(2) materials used in repair or construction or renovation or remodeling or grading or compaction; or

(3) maintenance

of part or all of any property on or off the job site known as the Metropolitan.

Defendant's Proposed Instruction No. 3

Travelers Policy 660-7E077026, Construction Pak-Builder's Risk Coverage Form, ¶B (4)

5

Case 4:20-cv-00095-FJG   Document 226   Filed 08/03/23   Page 9 of 12

**INSTRUCTION NO. \_\_\_\_\_**

Your verdict must be for Defendant with respect to any and all cost(s) or damage(s) you believe are cost(s) of correcting or making good any fault or inadequacy or defect, including any cost(s) incurred to tear down or tear out or repair or replace any part of any property to correct any fault or inadequacy or defect; or

Any resulting loss(es) or damage(s) to the property that you believe has any fault or inadequacy or defect until the fault or inadequacy or defect is corrected by Plaintiff at its own cost or expense, or at the cost or expense of a responsible party that is not Defendant or Plaintiff.

Defendant's Proposed Instruction No. 4

Travelers Policy 660-7E077026, Construction Pak-Builder's Risk Coverage Form, ¶B (4)

# PROPOSED INSTRUCTION REGARDING LOSS DURING THE POLICY PERIOD

The insurance policy at issue in this case provides that Travelers will cover loss or damage occurring during the policy period, which began on March 31, 2018 and ended when the policy expired on September 30, 2018. The policy was not renewed. The fire at issue in this case occurred on September 27, 2018. Accordingly, under the policy the Plaintiff must prove by a preponderance of the evidence that the damage it claims occurred during the three-day period between September 27 and September 30, 2018. Travelers is not responsible for any direct physical loss of or damage to property that occurred after September 30, 2018.

Authority: Policy at pp. TRAVELERS DOC MGMT 2, 37 of 99; Order on Travelers' Motion for Summary Judgment (ECF Doc. 126), at p. 2 ("The policy expired on September 30, 2018 and was not renewed."); *Transcontinental Ins. Co. v. W.G. Samuels Co.*, 370 F.3d 755, 760 (8th Cir. 2004) (no coverage where "the property damage allegedly suffered ... occurred outside the policy period").

## INSTRUCTION NO. _____

All words used in an insurance policy are to be read and understood in their plain and ordinary meaning. It is the Plaintiff's burden to establish that the loss occurred and is covered under the terms of the policy, and it is the defendant's burden to establish an exclusion under Instruction No. ___ [affirmative defense: exclusions], that Plaintiff failed to mitigate under Instruction No. ___ [affirmative defense: failure to mitigate], or intentionally misrepresented or concealed one or more material fact(s) under Instruction No. ___ [affirmative defense: misrepresentation or concealment condition].

Defendant's Proposed Instruction No. 2

*In re Arch Ins. C. Ski Pass Insurance Litigation*, 559 F.Supp.3d 882, 889 (W.D. Mo. 2021); *Safeco Ins. Co. of America v. Schweitzer*, 372 F.Supp.3d 884, 889 (W.D. Mo. 2019).